NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFREDO ROMAN, | No. 16-35575 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00241-BLW |
| v. | |
| RANDY BLADES, Warden, Sued in their individual and official capacity and their successors in office; BRIAN KINGENSMITH, Sued in their individual and official capacity and their successors in office, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted January 16, 2018**

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Alfredo Roman, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

claims arising from a disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal under 28 U.S.C. § 1915A. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). We affirm.

The district court properly dismissed Roman's due process claim regarding the payment of restitution because Roman failed to allege facts sufficient to show that he was not provided with an adequate pre-deprivation hearing under *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (noting that inmate's account funds are a protected property interest and describing the *Mathews* balancing test to determine "whether a pre-deprivation hearing is required and what specific procedures must be employed at that hearing given the particularities of the deprivation").

The district court properly dismissed Roman's due process claims arising from his placement in disciplinary and administrative segregation because Roman failed to allege facts sufficient to show a protected liberty interest or an "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship"); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (due process procedural protections "adhere only when the disciplinary action implicates a protected liberty interest").

16-35575

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**